# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

PROSPERITY FARM, LLLP,

    Plaintiff,

vs.

ANNETTE CHRISTENSEN and
FREDERICK S. CHRISTENSEN,

    Defendants.

Civil No. 2018-37

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Prosperity Farm, LLLP's motion for summary judgment, seeking an order that the property at issue be partitioned in kind. [ECF 28]. Defendants Annette Christensen and Frederick S. Christensen opposed the motion [ECF 31], and Prosperity Farm filed a reply. [ECF 32]. For the reasons that follow, the Court will order partition of the property.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The following facts are not in dispute:

1. Plaintiff and defendants are tenants in common with an undivided interest in approximately 171 acres on certain contiguous parcels of land on St. Croix, U.S. Virgin Islands. The legal descriptions of the parcels are as follows:

> Plot 5-C Estate Prosperity
> Westend Quarter, St. Croix, U.S. Virgin Islands
> consisting of 0.3101 U.S. acres, more or less, as more fully shown on
> OLG Drawing No. 1378 dated March 8, 1963, revised July 21, 1975.
>
> Road Plot 14 Estate Prosperity
> Westend Quarter, St. Croix, U.S. Virgin Islands
> consisting of 0.8227 U.S. acres, more or less, as more fully shown on
> OLG Drawing No. 1378 dated March 8, 1963, and revised July 21, 1975.
>
> Remainder of Plot 16 Estate Prosperity
> Westend Quarter, St. Croix, U.S. Virgin Islands
> consisting of 10.157 U.S. acres, more or less, as shown more fully
> shown on OLG Drawing No. A9-129-C017 dated November 20, 2017.

      Remainder Matricular 35-B Estate Prosperity
      Westend Quarter, St. Croix, U.S. Virgin Islands
      consisting of 36.3625 U.S. acres, more or less, as more fully shown on
      OLG Drawing No. 5191 dated December 12, 2000.

      Road Plot 35 Ba Estate Prosperity
      Westend Quarter, St. Croix, U.S. Virgin Islands
      Consisting of 0.7006 U.S. acres, more or less, as more fully shown on
      OLG Drawing No. A9-129-C017 dated November 20, 2017.

      Road Plot 64a Estate Prosperity
      Westend Quarter, St. Croix, U.S. Virgin Islands
      consisting of 0.3118 U.S. acres more fully shown on OLG Drawing No.
      A9-129-C017 dated November 20, 2017.

      Remainder Matricular 36 Estate Prosperity
      Westend Quarter, St. Croix US Virgin Islands
      consisting of (approx.) 32.4865 U.S. acres as shown on OLG Drawing
      No. A9-129-C017 dated November 20, 2017.

      Remainder Parcel No. 5 Estate Prosperity
      Westend Quarter, St. Croix, U.S. Virgin Islands
      consisting of 72.9525 U.S. acres, more or less, as more fully shown on
      OLG Drawing No. A9-129-C017 dated November 20, 2017.

      Plot 61 Estate Prosperity
      Westend Quarter, St. Croix, US Virgin Islands
      consisting of 3.6356 U.S. acres, more or less, as more fully shown on
      OLG Drawing No. A9-129-C017 dated November 20, 2017.

      Plot 65 (2.00 U.S. acres) Estate Prosperity
      West End Quarter, St. Croix, U.S. Virgin Islands
      as more fully shown on OLG Drawing No. 2737 dated February 05,
      1970, revised June 17, 1993.

      Plot 68 Estate Prosperity
      West End Quarter, St. Croix, U.S. Virgin Island
      Consisting of 10.9272 U.S. acres, more or less, as more fully shown on OLG Drawing
      No. 5191 dated December 12, 2000.

These parcels are hereafter collectively referred to as the "Property."

      2.      Pursuant to an Adjudication of the Virgin Islands Superior Court dated July 13,

2015, Felicia Soler Melo Christensen held a 1/3 tenancy in common interest, and Sergio Bernardo

Christensen Soler, Miguelina Massiel Christensen Soler, Yvette Christensen, Cheryl Christensen, Gerard Michael Landon, Frederick Christensen and Annette Christensen each held a 2/21 tenancy in common interest in the Property. Prosperity Farm acquired its interest in the Property in 2018 by deeds from all of the owners except defendants.

3. Prosperity Farm has a 17/21 interest as tenant in common in the Property and Annette and Frederick Christensen each have a 2/21 interest as tenants in common in the Property.

4. The Property consists almost entirely of vacant land, with a few man-made improvements and some ruins from the 18th and 19th centuries.

5. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

Prosperity Farm filed its complaint for partition on July 2, 2018. [ECF 1]. On August 8, 2018, defendants answered the complaint. [ECF 10]. Prosperity Farm thereafter moved for summary judgment, seeking partition in kind, with equitable adjustments for taxes paid and improvements made on the Property. [ECF 28] at 6. While defendants agree that the parties are tenants in common and that partition may be required, [ECF 31] at 2, they dispute that Prosperity Farm paid any taxes on their behalf, and they contend any expenditures plaintiff made was for Prosperity Farm's own benefit. *Id*. at 1. In addition, defendants aver that "they paid their share of the property taxes." *Id*.; *see* [ECFs 31-1 to 31-4].

## II. LEGAL STANDARDS

A. Summary Judgment

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates "there is no genuine dispute as to any material fact," thus entitling the moving party to judgment as a matter of law. Fed. R. Civ.

P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining that "irrelevant or unnecessary" factual disputes do not preclude summary judgment). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "In considering a motion for summary judgment, a [] court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *N.H. Ins. Co. v. Diller*, 678 F. Supp. 2d 288, 295 (D.N.J. 2009) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)).

The movant has the initial burden of showing no genuine issue of material fact exists. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). Once the moving party meets this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 323; *see Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (stating that the non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements"); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is essentially 'put up or shut up' time for the nonmoving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.").

B. <u>Partition Proceedings</u>

Actions for partition are statutory in nature and are governed by 28 V.I.C. § 451, *et seq.* Section 451 provides:

> When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real

> property, any one or more of them may maintain an action of an
> equitable nature for the partition of such real property according to
> the respective rights of the persons interested therein, and for a sale
> of such property, or a part of it, if it appears that a partition cannot
> be had without great prejudice to the owners.

28 V.I.C. § 451.  Further, "'an action in 'partition is a matter of right . . . afforded to tenants in common in the Virgin Islands by statute.'"  *Skov v. Skov*, 2019 U.S. Dist. LEXIS 16524, at *5-6 (D.V.I. Feb. 1, 2019) (quoting *Kean v. Dench*, 413 F.2d 1, 4 (3d Cir. 1969) and citing *Tranberg v. Tranberg*, 456 F.2d 173, 175 (3d Cir. 1972) ("[I]n the Virgin Islands, an action in partition is not a privilege, but a right possessed by tenants in common.")).  "[U]pon the requisite proofs being made, the court shall adjudge a partition according to the respective rights of the parties as ascertained by the court, and appoint three referees therefor."  28 V.I.C. § 458.

## III.   DISCUSSION

Here the parties agree that they are tenants in common in the Property, and they further agree as to their respective shares in the tenancy.[1]  Thus there is no genuine dispute as to any material fact that would preclude this Court from ordering a partition of the Property.

Nevertheless, defendants purport to raise factual disputes as to whether and in what amount any equitable adjustments should be made in the course of partitioning the Property.  [ECF 31] at 1, 4-5.  In this regard, defendants have offered no admissible evidence in support of their contentions.  Further, even if the Court were to credit defendants' arguments regarding the payment of taxes and for improvements, these facts would not preclude granting summary

---

[1] It is not clear to the Court from the parties' submissions, however, whether the Property, "or any part of it, is so situated that partition cannot be made without great prejudice to the owners," and thus whether a sale would be more appropriate than partition in kind.  *See* 28 V.I.C. § 458.  While plaintiff submits the affidavit of Robert Apfel, who opines that the Property is capable of being partitioned in kind, [ECF 28-1] ¶ 10, the Court has no basis on which to evaluate the weight of that opinion.

judgment as to partition. Whether any adjustments should be made in the partition process can await further developments.

## IV.    CONCLUSION

The premises considered it is hereby ORDERED that the plaintiff's motion for summary judgment is GRANTED in part as follows:

1. Partition of the subject property is hereby ordered in accordance with 28 V.I.C. § 451, *et seq*.

2. No later than December 30, 2019, the parties shall, to the extent they wish to do so, recommend individuals who may serve as referees in this partition action, along with descriptions of the proposed referees' credentials.

**Dated:** December 2, 2019            S\_____
                                                  **RUTH MILLER**
                                                  United States Magistrate Judge